# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES EDWARD GRANT,**

    Petitioner,

v.                                                                                                   Case No. 14-C-1005

**WILLIAM POLLARD,**
Warden of Waupun Correctional
Institution,

    Respondent.

## DECISION AND ORDER

Pro se Petitioner James Edward Grant ("Grant") seeks leave to proceed *in forma pauperis* on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) To authorize a litigant to proceed *in forma pauperis,* the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and, 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The Court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).

The Court engages in such review and, as required by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, considers

whether it plainly appears from the petition and any attached exhibits that Grant is not entitled to relief in the district court.

The Court's initial review involves determining whether the petitioner is in custody pursuant to the challenged state conviction, whether he has set forth cognizable constitutional or federal law claims, and whether he has exhausted available state remedies. It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A). In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Grant's petition filed on August 15, 2014, and signed under penalty of perjury, states that he is serving a 90-day sentence for bail jumping imposed by the Dane County Circuit Court on April 12, 2012, and lists 10CF0896 or possibly 10CF1896 as the criminal case number.[1] (Pet. 2.) He also states that he had a jury trial and that he filed an appeal on May 23, 2012, asserting there was no underlying crime, insufficient evidence

---

[1] Grant's penmanship is somewhat challenging to decipher.

and the vagueness of Wis. Stat. §§ 961.571(1)(a) and (b)(2),[2] and the state approached the judge for discussion of a motion to dismiss. He lists similar issues as having been raised in his petition for review.

However, the Wisconsin Circuit Court Access System, a computerized public record system that contains information about state cases, does not contain case number 10CF0896 or 10CF1896 associated with Grant. *See* www.wcca.wicourts.gov (last visited September 2, 2014). Additionally, neither circuit court nor Wisconsin Department of Corrections ("DOC") records show any criminal case number against Grant with the initial digits "10." *See* http://offender.doc.state.wi.us (last visited September 2, 2014.)

Liberally construed, grounds one through four of Grant's petition are as follows: (1) He was in continuous custody due to his inability to post bail; (2) "Voir dire was conducted and a jury was impanelled. The state was sure to be 'victorious'" (Pet. 7); (3) "The 'public interest' standard is very broad but there must be 'some consideration of the effect of dismissal' on the general welfare" (*Id.* at 8); and (4) A "motion required to be served on the defendant may be served on the attorney of record" (*Id* at 9). Grant

---

[2] Drug paraphernalia is defined in Wis. Stat. § 961.571(1)(a), and § 961.571(b)(2) excludes certain objects from the definition.

- 3 -

states he did not exhaust his state remedies on any of the four grounds he raises because he is a "virgin to [the] self litigating processes and procedures. 'Raped' of [his] constitutional rights, by prosecutor and public officer." (*Id*. at 7-9.)

Grant's petition is legally frivolous because the conviction it purports to challenge is not verified by state records, the purported grounds were not presented to the state court, and the stated grounds do not raise arguable constitutional claims. Therefore, Grant's petition is dismissed.[3]

Grant's filings in this action prompted the Court to research his litigation history in Wisconsin's two federal district courts, disclosing that this is not the first time a Wisconsin federal district court has found Grant's filings to be frivolous. He has three strikes against him under the Prison Litigation Reform Act, and his ability to file civil actions has been curtailed in both federal districts. *See Grant v. Schneider,* 14-C-0727, 2014 WL 3737968, at *1 (E.D. Wis. July 30, 2014) (describing Grant's litigation history as "exactly the kind of abusive, meritless, and frivolous

---

[3] The records of the DOC and state circuit court indicate that Grant is currently in custody for state court convictions in case numbers 12CM1754 for retail theft and disorderly conduct, and 12CM2488 for retail theft. He pled guilty to the charges and was sentenced on October 17, 2012. He appealed and that appeal is pending before the Wisconsin Court of Appeals.

conduct that the PLRA was enacted to address.") Grant also owes $800 in filing fees in this District and over $10,000 in filing fees in the Western District of Wisconsin. *Id.* at *1, 2.

*Schneider* also imposed an order under *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), directing the Clerk of Court not to file Grant's papers in pending and future cases (other than a petition for a writ of habeas corpus or document related to a pending criminal action in which Grant is a defendant) until he has paid the $800 he owes in fees for his cases in this District. *See Schneider,* 2014 WL 3737968 at *2, 3. Both Judge Barbra Crabb of the Western District of Wisconsin and Chief Judge William C. Greisbach of this District have directed the Clerk of Court to retain Grant's unfiled documents in a box for one year. The box is to be stored so that Grant or anyone else may review the papers if necessary; the papers will be destroyed after one year. *See id.* at *1, 2. Grant filed this action 16 days after the cited *Schneider* decision was issued.

Bearing in mind the foregoing federal litigation history, Grant is advised that this Court may in the exercise of discretion protect itself from frivolous litigation by imposing monetary sanctions and filing bans. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). At this

juncture, however, the Court will not exercise such power.

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. When the Court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). A petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. And a petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Grant has filed a frivolous action. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Grant's petition for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**;

Grant's petition for a writ of habeas corpus with respect to purported case number 10CF0896 (or 10CF1896) for felony bail jumping

(ECF No. 1) is **DISMISSED** with prejudice as frivolous;

The Court declines to issue a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2014.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**