**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**JAMES EDWARD GRANT,**

        Petitioner,

        v.                            Case No. 14-C-1005

**WILLIAM POLLARD,**
Warden, Waupun Correctional Institution,

        Respondent.

## DECISION AND ORDER

Pro se Petitioner James Edward Grant ("Grant") filed a motion seeking reconsideration of the Court's September 12, 2014, Decision and Order denying his request for leave *in forma pauperis* on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissing the action as frivolous. (ECF No. 7.) Judgment was entered on September 12, 2014. (ECF No. 8.) The Court held that Grant's petition is legally frivolous because the conviction it purports to challenge is not verified by state records, the purported grounds were not presented to the state court, and the stated grounds do not raise arguable constitutional claims.

Grant has submitted documents that substantiate that he was the defendant in Dane County Circuit Court Case Number 10CF1896 (ECF Nos. 9-11), even though the Court could not locate a case number

10CF0896 or 10CF1896 associated with Grant on the Wisconsin Circuit Court Access System.  Indeed, if Grant's name is typed in, there is no case number against him with the initial digits "10."  *See* http://offender.doc.state.wi.us (last visited September 2, 2014.)  The Court's staff will send a copy of this Decision and Order to the Dane County Circuit Court so they can resolve the problem.

However, as of today, it is possible to bring up the case 10CF1896 against Grant by typing in the number.  Based on the foregoing, the Court corrects its prior decision to indicate that such a case number against Grant exists, and to amend the statement in the first full paragraph of page four as follows:

> Grant's petition is legally frivolous because ~~the conviction it purports to challenge is not verified by state records,~~ the purported grounds were not presented to the state court, and the stated grounds do not raise arguable constitutional claims.  Therefore, Grant's petition is dismissed.[1]

Despite such amendment, Grant's petition remains legally frivolous because the purported grounds were not presented to the state court, and the stated grounds do not raise arguable constitutional claims.  Filed less than 28 days from the entry of judgment, his motion is a Rule 59(e) motion.

---

[1] The records of the DOC and state circuit court indicate that Grant is currently in custody for state court convictions in case numbers 12CM1754 for retail theft and disorderly conduct, and 12CM2488 for retail theft.  He pled guilty to the charges and was sentenced on October 17, 2012.  He appealed and that appeal is pending before the Wisconsin Court of Appeals.

Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can establish a manifest error of law or can present newly discovered evidence. *Anderson v. Catholic Bishop of Chi.* 759 F.3d 645, 652-53 (7th Cir. 2014) (citing Fed. R. Civ. P. 59(e)). Because Grant has not established a manifest error of law or newly discovered evidence, his motion for relief from judgment is denied. And the Court continues to decline to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The September 12, 2014, Decision and Order is amended to reflect that there is a Dane County Circuit Court Case Number 10CF1896 against Grant; and

Grant's motion for relief from judgment (ECF No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -