# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES EDWARD GRANT,**

        Petitioner,

    -vs-                                **Case No. 14-C-1005**
                                            **(USCA No. 14-3479)**

**WILLIAM POLLARD,**
Warden of Waupun Correctional Institution,

        Respondent.

# DECISION AND ORDER

The pro se Petitioner, state prisoner James Edward Grant ("Grant"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On September 12, 2014, the Court denied Grant's request for leave to proceed *in forma pauperis*, dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and declined to issue a certificate of appealability. (ECF No. 7.) Judgment was also entered dismissing the action. (ECF No. 8.)

Grant filed a motion for reconsideration which was denied. (ECF No. 12.) Grant filed a notice of appeal. (ECF No. 13.) Currently before the Court are Grant's request to proceed *in forma pauperis* on appeal, his motion for an order requiring Carla Hartman ("Hartman"), an employee of the Waupun Correctional Institution business office, to provide him with legal supplies, and a motion for supplemental oral argument. (ECF Nos. 19, 21, 22.)

A petitioner may only proceed *in forma pauperis* on appeal if the Court

finds that he is indigent and that he is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. *Walker v. O'Brien,* 216 F.3d 626, 631-32 (7th Cir. 2000). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim; that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). District courts must not "apply an inappropriately high standard when making good faith determinations," and denial of a certificate of appeal does not necessarily warrant denial of *in forma pauperis* status. *Pate v. Stevens,* 163 F.3d 437, 439 (7th Cir. 1998).

With respect to Grant's indigency, the current fee for filing an appeal is $455.00, which includes a $5.00 docketing fee. The current balance in his regular trust account is 41¢. (ECF No. 20.) Grant is unable to pay the fee for filing an appeal.

By its Decision and Order, the Court declined to issue a certificate of appealability. Though cognizant that the standard for permission to appeal *in forma pauperis* is more lenient than that applied to a request for a certificate of appealability, *Walker,* 216 F.3d at 631, having considered Grant's stated reasons for appealing (*see* ECF No. 13), this Court cannot find

that a reasonable person would conclude that the issues Grant intends to appeal have merit. Therefore, this Court certifies that Grant's appeal is taken in bad faith.

Grant requests that Hartman be directed to provide him with various supplies at no cost to Grant or be paid for with funds from his trust account. Grant does not have funds in his regular account to purchase supplies. Grant also has exhausted his legal loan limit for 2014.[1] (Nov. 18, 2014 Mem.) (ECF No. 21 at 3.) He was also informed that he may re-apply for a legal loan in 2015. (*Id.*)

Grant is responsible for managing his own legal loan. Grant has "'no constitutional entitlement to subsidy,' *Lewis v. Sullivan,* 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998)." *Lindell v. McCallum,* 352 F.3d 1107, 1111 (7th Cir. 2003) *See also Jacobs v. Frank,* No. 07-C-55, 2008 WL

---

[1] Section 301.328(1m), Wis. Stats., provides:

> No prisoner may receive more than $100 annually in litigation loans, except that any amount of the debt the prisoner repays during the year may be advanced to the prisoner again without counting against the $100 litigation loan limit. No prisoner may receive a litigation loan in any amount until he or she has repaid a prior loan in full or has made arrangements for repayment.

163672, at *2 (E.D. Wis. Jan. 16, 2008). The Court declines to order Hartman to provide Grant with legal supplies.

Grant also requests supplemental oral argument. That request should be addressed to the Court of Appeals and, therefore, is denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Grant's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 21) is **DENIED** because this Court certifies that such appeal has been taken in **BAD FAITH;**

Grant's motion for copies, postage, and legal supplies (ECF No. 19) is **DENIED**; and

Grant's request for oral argument (ECF No. 22) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 24th day of November, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**